IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 3:26-cv-00079

BETHANY GRAAFSMA,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.

**NOTICE OF REMOVAL**

Defendant, Government Employees Insurance Company, by and through undersigned counsel, files this Notice of Removal of the above-captioned case from the North Carolina Superior Court of Union County, North Carolina, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

1. On or about January 4, 2026, Plaintiff filed a civil action against Defendant in the Superior Court of Union County, North Carolina, under Case No. 26CV000021-890. Plaintiff then filed an Amended Complaint on January 8, 2026. A copy of the Amended Complaint is attached to this Notice of Removal as Exhibit A and incorporated herein by reference.

2. Defendant accepted service of the Amended Complaint on January 23, 2026.

3. Defendant has filed this Notice of Removal within thirty (30) days of receipt of the Amended Complaint, as required by 28 U.S.C. § 1446(b).

4. There have been no further proceedings in this matter in the Superior Court of Union County, North Carolina, to date.

5. Subject-matter jurisdiction rests with the Federal Courts in this action on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

6. Removal of this action is proper under 28 U.S.C. § 1441(a), as this Court would have original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. Venue is proper in accordance with 28 U.S.C. §§ 113(c) and 1441(a).

## REMOVAL IS PROCEDURALLY PROPER

8. This Notice has been filed before the expiration of thirty (30) days from the date Defendant received service of the Complaint. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

9. Contemporaneous with the filing of this Notice, Defendants served a copy of this Notice of Removal on counsel for Plaintiff and filed a Notice of Removal with the Clerk of the Superior Court of Union County, North Carolina, where this action was originally filed, as required by 28 U.S.C. § 1446(d).

## DIVERSITY OF CITIZENSHIP

10. This is a civil action between citizens of different states.

11. Plaintiff alleges in her Complaint that Plaintiff is a resident of Union County, North Carolina. *See* Exhibit A, at ¶ 5.

12. Defendant is a corporation organized under the laws of Nebraska with its principal place of business in Maryland.

13. This lawsuit is not a "direct action" against an insurer of a policy or contract of liability insurance as prescribed under 28 U.S.C. § 1332(c)(1). *See Corn v. Precision Contracting, Inc.*, 226 F. Supp. 2d 780, 782 (W.D.N.C. 2002) (holding that a "direct action" does not include an action by an insured against the insurer for its independent wrongs). Thus, Defendant is a citizen of Nebraska and Maryland when determining citizenship, both now and at the time of the filing of this lawsuit. 28 U.S.C. § 1332(c)(1).

14. There is complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

15. Plaintiff alleges that she was insured under a valid automobile insurance policy issued by Defendant on the date of loss, when her vehicle was damaged in a collision with a deer. Exhibit A, at ¶¶ 10-11.

16. Plaintiff further alleges that Defendant failed to provide adequate coverage under the Policy for the claimed property damage. Exhibit A, at ¶ 14

17. Plaintiff asserts claims for breach of contract and violations of the North Carolina Unfair and Deceptive Trade Practices Act. *See* Exhibit A.

18. Plaintiff seeks to recover damages in an amount "exceeding $25,000.00," as well as treble damages, and attorneys' fees and costs. Exhibit A, at ¶ 29. Plaintiff has alleged no outer limit for its damages. *See* N.C. Gen. Stat. § 1A-1, Rule 8.

19. "Treble damages and punitive damages are generally included within the amount in controversy when the plaintiff is permitted to recover those damages under applicable law." *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424 at *7 (M.D.N.C. July 9, 2019).

20. The alleged damages asserted by Plaintiff, including compensatory damages, asserted statutory treble damages, and attorneys' fees and costs exceed $75,000.00. *See* 28 U.S.C. § 1332(a).

WHEREFORE, Defendant respectfully submits this Notice of Removal of this action to the United States District Court for the Western District of North Carolina.

This the 29th day of January, 2026.

                                  **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                              BY: /s/ *William A. Bulfer*
                                   William A. Bulfer – N.C. State Bar No. 31424
                                   Daniel T. Strong – N.C. State Bar No. 49546
                                   Post Office Box 19207
                                   Raleigh, North Carolina 27619-9207
                                   Telephone: (919) 873-0166
                                   Facsimile:  (919) 873-1814
                                   wbulfer@teaguecampbell.com
                                   dstrong@teaguecampbell.com
                                   *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date, served the foregoing **Notice of Removal** upon Plaintiffs' counsel via electronic mail and certified mail as follows:

Nicholas Ciani
Ciani Law, PLLC
1529 NE 17th Terr.
Fort Lauderdale, FL 33304
manager@ciani.law
*Attorney for Plaintiff*

This the 29th day of January, 2026.

                                                 **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                                                 BY: /s/ *William A. Bulfer*
                                                       William A. Bulfer – N.C. State Bar No. 31424
                                                       Daniel T. Strong – N.C. State Bar No. 49546